| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF RICHLAND | ) | |
| BEVERLY LEBLANC | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2015-CP - 40- 7159 |
| vs. | ) | |
| SUNSET MANAGEMENT, INC. AND WAYNE GREEN | ) | |
| Defendant(s) | ) | |

Submitted By: **Arthur K. Aiken**  SC Bar #: 12983
Address: 2231 Devine Street Suite 201 Columbia, SC 29205  Telephone #: 803-799-5205
Fax #: 803-799-5206
Other:
E-mail: art@aikenandhightower.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☒ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Employment (180) | | ☐ Other (399) | |
| ☐ Other (199) | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |

**Submitting Party Signature:** /s/ _____   Date: 12-1-15

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous

SCCA / 234 (06/2015)                                                                                          Page 1 of 3

## FOR MANDATED ADR COUNTIL ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**  **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| ) | Civil Action Number: |
| Beverly LeBlanc ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SUMMONS** |
| ) | **(Jury Trial Requested)** |
| Sunset Management, Inc. and ) | |
| Wayne Greene, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**TO THE DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the Complaint on the subscribers at their offices, located at 2231 Devine Street, Suite 201, Columbia, South Carolina 29205, within thirty (30) days after the service hereof, exclusive of the date of such service; and if you fail to answer, appear and defend within thirty (30) days after service hereof, exclusive of the date of such service, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully Submitted,

AIKEN & HIGHTOWER, P.A.

By:_____
ARTHUR K. AIKEN
2231 Devine Street, Suite 201
Columbia, South Carolina 29205
Phone: (803) 799-5205
Fax: (803) 799-5206
Email: art@aikenandhightower.com
**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina
December 1, 2015

| | |
|---|---|
| STATE OF SOUTH CAROLINA  ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND        ) | FOR THE FIFTH JUDICIAL CIRCUIT |
|                           ) | Civil Action Number: |
| Beverly LeBlanc           ) | |
|                           ) | |
| Plaintiff,                ) | |
|                           ) | |
| v.                        ) | **COMPLAINT** |
|                           ) | **(Jury Trial Requested)** |
| Sunset Management, Inc. and ) | |
| Wayne Greene,             ) | |
|                           ) | |
| Defendants.               ) | |
|                           ) | |

The Plaintiff, Beverly LeBlanc (LeBlanc), complains against the Defendants, Sunset Management, Inc. (Sunset Management) and Wayne Greene (Greene) as follows:

### PARTIES

1.  LeBlanc is a female citizen and resident of Sumter County, South Carolina.

2.  Sunset Management is a South Carolina Corporation in the business of consumer lending with its principal place of business in Seneca, South Carolina and with offices and agents in Richland County, South Carolina.

3.  Greene is a male citizen and resident of Sumter County, South Carolina.

### JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this case and will have personal jurisdiction over the Defendants on proper service of the Summons and Complaint.

5.  Venue is proper in this Court.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6.  At all times relevant to the allegations in this Complaint, Sunset Management had more than fifteen (15) employees.

7. From October 21, 2013 until her termination on July 22, 2014, LeBlanc worked for Sunset Management with the position of Assistant Manager as of her termination.

8. During her employment with Sunset Management, LeBlanc worked primarily at a Sunset Management consumer lending office in Sumter, South Carolina (Sumter location), and all of the sexual harassment described below occurred at that location.

9. During LeBlanc's employment with Sunset Management, Greene worked for Sunset Management as Manager for the Sumter location, and in that position, he was LeBlanc's immediate supervisor.

10. During LeBlanc's employment with Sunset Management, Greene sexually harassed Leblanc by doing the following, among other things:

   a. During training sessions, Greene would place his hands on Leblanc's knee, move his hand up LeBlanc's thigh to the point that LeBlanc would have to remove Greene's hand, and kiss LeBlanc on the face, neck, and ear;

   b. When LeBlanc arrived in the mornings, Greene would make LeBlanc "model" her clothing;

   c. Greene repeatedly suggested that LeBlanc wear revealing clothing;

   d. Greene repeatedly commented on LeBlanc's body parts in sexually suggestive ways and;

   e. For several weeks, Greene made comments suggesting that LeBlanc was a prostitute.

11. LeBlanc reported Greene's sexual harassment to Sunset Management executives.

12. Instead of taking steps to remedy Greene's sexual harassment of LeBlanc, Sunset Management retaliated against LeBlanc because of her complaint about Greene's sexual harassment by terminating her on July 22, 2014.

**FOR A FIRST CAUSE OF ACTION**

2

13. LeBlanc re-alleges all allegations in the preceding paragraphs of this Complaint that are consistent herewith.

14. This action is, in part, an action under 42 USC § 2000e-5 that alleges sexual harassment and retaliation for making a sexual harassment claim.

15. Within one hundred eighty (180) days of the sexual harassment and retaliation, LeBlanc filed a Charge of Discrimination with the South Carolina State Human Affairs Commission (SHAC) in which she alleged sexual harassment by Greene and charged Sunset Management with unlawful sex discrimination and retaliation against her for making a sexual harassment complaint.

16. On August 11, 2015, SHAC issued a Notice of Right to Sue to LeBlanc, and on September 2, 2015, the EEOC issued a Notice of Right to Sue to LeBlanc.

17. LeBlanc suffered discrimination because of her sex in that she was subjected to sexual harassment that was both severe and pervasive and suffered retaliation in that she was terminated for making a sexual harassment complaint.

18. The sexual harassment was of the hostile work environment type in that it made it impossible for LeBlanc to continue her employment.

19. LeBlanc told supervisory level employees of Sunset Management about the ongoing sexual harassment of LeBlanc weeks before LeBlanc's termination and yet Sunset Management personnel did nothing to stop it.

20. The sexual harassment and retaliation have caused great harm to LeBlanc in that she has suffered and continues to suffer mental anguish, emotional distress, loss of income both past and future, and impairment of her earning capacity.

3

21.   LeBlanc is informed and believes that she is entitled to recover actual and punitive damages from Sunset Management for sexual harassment and retaliation in violation of 42 USC § 2000e-5.

## FOR A SECOND CAUSE OF ACTION

22.   LeBlanc re-alleges all allegations in the preceding paragraphs of this Complaint that are consistent herewith.

23.   The nearly constant sexual harassment and the retaliation described above made it impossible for LeBlanc to perform her job any longer.

24.   LeBlanc's loss of her job with Sunset Management and the resulting mental anguish, emotional distress, loss of income both past and future and impairment of her earning capacity were directly caused by the sexual harassment and retaliation to which she was subjected by Sunset Management.

25.   LeBlanc is informed and believes that she is entitled to recover actual and punitive damages from Sunset Management for wrongful discharge.

## FOR A THIRD CAUSE OF ACTION

26.   LeBlanc re-alleges all allegations of the preceding paragraphs of this Complaint that are consistent herewith.

27.   Greene's intentional conduct as detailed above was extreme and outrageous, and it caused LeBlanc to suffer severe emotional distress.

28.   Greene's conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

29.   Greene's conduct caused LeBlanc to suffer severe emotional distress.

30.   LeBlanc's emotional distress was so severe such that no reasonable person could be expected to endure it.

31.   LeBlanc has suffered damages proximately caused by Greene's outrageous conduct.

32.   LeBlanc is informed and believes that she is entitled to recover actual and punitive damages against Greene for his intentional infliction of emotional distress.

**WHEREFORE**, LeBlanc prays for judgment against the Defendants for actual damages, punitive damages, attorney's fees, costs and such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

AIKEN & HIGHTOWER, P.A.

By: _____
ARTHUR K. AIKEN
2231 Devine Street, Suite 201
Columbia, South Carolina 29205
Phone: (803) 799-5205
Fax: (803) 799-5206
Email: art@aikenandhightower.com
**ATTORNEYS FOR PLAINTIFF**

Columbia, SC
December 1, 2015

5